FILED

NOT FOR PUBLICATION

MAR 26 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD O. HAYNES, | No. 06-16642 |
| Petitioner - Appellant, | D.C. No. CV-02-02686-FCD |
| v. | |
| JAMES VALADEZ, Warden, | MEMORANDUM [*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, District Judge, Presiding

Submitted March 16, 2010[**]

Before:    SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

California state prisoner Ronald O. Haynes appeals pro se from the district

court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have

jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

AH/Research

Haynes contends that the Board of Prison Terms ("Board") violated his rights to equal protection and due process when it failed to give him a parole release date. The state court's decision denying Haynes' claims was neither contrary to, nor involved an unreasonable application of, clearly established Supreme Court law. *See* 28 U.S.C. § 2254(d)(1); *see also Estelle v. McGuire*, 502 U.S. 61, 67-68 (1991).

Haynes next contends that the Board's failure to set a fixed sentence term constitutes cruel and unusual punishment in violation of the Eighth Amendment. Haynes is not entitled to habeas relief on this claim because Haynes failed to demonstrate that his sentence of seven-years-to-life is grossly disproportionate to his two first-degree murder and two kidnapping offenses. *See Lockyer v. Andrade*, 538 U.S. 63, 72 (2003).

Haynes last contends that a parole regulation was retroactively applied in violation of the Ex Post Facto Clause. Haynes is not entitled to habeas relief on this claim. *See Smith v. United States Parole Comm'n*, 875 F.2d 1361, 1367 (9th Cir. 1989) (rejecting petitioner's claim because parole guidelines are not "laws" for purposes of the Ex Post Facto Clause).

**AFFIRMED.**